RAMÓN SCHRODER, Appellant, *v.* REGISTRAR OF CAGUAS, Respondent.

No. 612. Argued March 21, 1925.—Decided April 3, 1925.

1. RECORD OF TITLE—ADMINISTRATIVE APPEAL—ACADEMICAL QUESTION.—An administrative appeal lies only from the *adverse* decision and is not available. to submit academical questions or to satisfy the more or less justified scruples of one desiring to be freed from all suspicion of having petitioned for too much.

Registry of Property of Caguas, Márquez, R. Decision refusing to record a deed in part. *Appeal dismissed.*

*Andrés Mena* for the appellant. The respondent appeared *pro se.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In a public deed executed on February 24, 1925, the spouses Ventura L. López and Herminia López Orta declared that they were the owners of a certain urban property (a house) situated in Caguas and that the lot belonged to the

municipality. They acknowledged that they owed Ramón Schroder the sum of $1,000 and to secure its payment they mortgaged the property.

They presented the deed for record in the registry and the registrar made the following decision:

"Record admitted * * * as to the house * * * but not as to the lot * * *."

Thereupon Schroder took the present administrative appeal.

There is no question of law involved. The appellant admits that only the house could be and was mortgaged as a property independent from the lot (*Martin* v. *Registrar,* 22 P.R.R. 139) and that the lot could not be mortgaged by one who was not its owner, from which it is observed that he agrees with the registrar's opinion. But he maintains that he never asked that the mortgage be recorded on the lot and, therefore, that the registrar could not deny such record.

The registrar alleges that although in the mortgage deed it is stated that the lot belongs to the municipality of Caguas, the fact is that the mortgage was said to be created on the urban property described, the description including the house and the lot, and as no explanation was made, he made the facts clear in his decision.

(1) We need not consider the registrar's action. What we hold is that an administrative appeal does not lie in a case of this kind. The statute gives that remedy against *adverse* decisions. If the appellant agrees that the record should not be made, why complain of the refusal to record? The statutory remedy is not available to satisfy the more or less justified scruples of one desiring to be freed from all suspicion of having asked for too much. The object of the statute is to recognize such rights as are ignored or denied by the registrar.

The appeal must be dismissed.